## N. Y. SUPERIOR COURT.

MARGARET IRVINE agt. AMASA SPRING and others.

No *clerk* of an attorney at law, however extensive his general powers may be, can *discontinue an action* without the consent of his principal.

*Special Term, May,* 1865.
*Before Justice* McCUNN.

MOTION by plaintiff to set aside an order entered for the discontinuance of this action.

Mr. CUTLER, *for the motion.*
Mr. NILES, *opposed.*

MC CUNN, J. In this case it appears that a trial was had at circuit, on the 9th of November last, before a jury, and the plaintiff recovered a verdict of $400; that before judgment was perfected, or costs taxed, Mr. Niles, the defendants' attor-

ney, approached a person by the name of Walsh, who had at times acted as clerk in the office of plaintiff's attorney, and procured from him, unknown to the plaintiff's attorney, a consent to the effect that an order might be entered discontinuing the action on payment of $400, the amount of the verdict, saying nothing of the costs. On this consent an order was accordingly entered discontinuing the action.

It is quite clear that no clerk, however extensive his general powers may be, can discontinue an action without the consent of his principal; indeed, the courts are so jealous of the interests of the different suitors that they will only allow an attorney to give a satisfaction piece within two years after entry of judgment, and that on receiving the full amount of the claim.

The person claiming to be the clerk of plaintiff's attorney, and who consented to the entry of the order of discontinuance, makes two affidavits on this motion, one for the plaintiff and one for the defendant; and as there was some slight contradiction in the affidavits, I ordered the appearance of Walsh in court and examined him, and then I learned that Mr. Niles handed $55 to Walsh individually, in consideration that he, Walsh, should receive the certified check of $400 for Mr. Cutler, and sign the consent to enter the order of discontinuance.

Under such a state of facts, I deem it my duty not only to set aside the order of the 20th of December unconditionally, but to deny the defendants' attorney's request for time to make a case.

Motion granted, with $10 costs.